UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| RONI R. BRYANT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:16CV0084 HEA |
|  | ) |  |
|  | ) |  |
| NANCY A. BERRYHILL[1], | ) |  |
| Acting Commissioner of | ) |  |
| Social Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On September 24, 2013, following a hearing, in a partially favorable decision, an ALJ found the Plaintiff was disabled beginning December 18, 2009,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

but was not disabled prior to that. On May 12, 2014, the Appeals Council remanded the case to the ALJ. On April 16, 2015, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act during any portion of the period of alleged disability.

On February 6, 2015, Administrative Law Judge Dennis LeBlanc conducted a video hearing from Columbia, Missouri to Hannibal, Missouri. Plaintiff appeared in Hannibal, Missouri. Ms. Denise Weaver, Vocational Expert also appeared.

Plaintiff resided in Louisiana, Missouri at the time of the hearing. Plaintiff is single and has four children. She was 37 years old at the time of the hearing. Plaintiff completed two years of college.

Plaintiff, since 2009, has suffered from headaches and nausea due to her sensitivity to light. She also experiences thoracic outlet syndrome, which she suggests is like being knotted up in her neck and the sensation/ pain goes to her head and shoulders. She believes there might be a relationship between this pain and the headaches. The Plaintiff also testified she has difficulty with the use of her right hand in that it cramps up, gets cold and sometimes loses feeling in the fingertips. She believes she has been diagnosed with carpal tunnel syndrome in regard to her hand.

On further examination by counsel for Plaintiff and the ALJ, Plaintiff testified that she has difficulty with her left ankle. Her ankle had been broken and required a plate with screws to repair the break. Three surgeries were performed but the ankle is still troubling for her. It gets swollen from time to time and is painful on a daily basis. Plaintiff also testified that she has seizures while sleeping and sometimes during the daylight hours.

With regard to her mental health Plaintiff stated she has been diagnosed with depression, AD/HD and OCD. For these conditions Plaintiff takes Adderall for AD/HD, Flexeril, Benadryl to help her sleep, Keppra for seizures and speech issues, Lamictal for seizures, Norco for pain, and Nexium for acid reflux. She also takes Prozac for depression and Restoril.

There was testimony from Denise Weaver, the Vocational Expert. Ms. Weaver testified regarding Plaintiff, who had no relevant past work, and consistent with the Dictionary of Occupational titles. Based upon that consideration and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there was work in the national economy available for Plaintiff as a folding machine operator in the clerical work environment. The Vocational Expert also testified there was work available as a garment sorter in the garment industry. There was also work available as a mail clerk.

Upon adding additional limitations of handling and fingering in occasional use, the Vocational Expert found work available in the recreational industry as an usher and in the wood products industry as a laminating machine off bearer.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on September 23, 2016. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issues in this case are: whether (1) the ALJ properly developed the record; (2) appropriately considered Plaintiff's "severe" impairments at step two of the sequential evaluation process; (3) properly evaluated the consistency of Plaintiff's subjective complaints with the record as a whole; (4) correctly considered Plaintiff's RFC; and (5) whether the testimony of the vocational expert constitutes substantial evidence supporting the ALJ's determination.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At

Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that

must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as is required. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment since the onset date of June 30, 2012. The ALJ found at Step Two that Plaintiff had the severe impairments of carpal tunnel syndrome, left ankle,

shoulder, thoracic outlet syndrome, degenerative disc disease in the cervical spine, osteoarthritis, obesity, depression, bipolar disorder, attention deficit, hyperactivity disorder, anxiety, and compulsive obsessive disorder.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416. 920(d), 416.925 and 416.926)).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, except 20/10 lift/carry; stand/walk 30 minutes at a time for 4 of 8 hours; sit 6 hours of 8 hours; occasionally climb ramps/stairs (no ladders, ropes scaffolds); occasionally crouch and crawl; frequently reach, handle, and finger; must avoid hazards; can perform simple routine tasks, and occasionally interaction with others.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability from December 15, 2000 forward.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is

supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth

- 11 -

Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**I. Did the ALJ Properly Develop the Record?**

Plaintiff asserts the ALJ did not follow the mandate of the Appeals Council on remand to the ALJ. Plaintiff posits the ALJ failed to obtain evidence from a medical expert to clarify the nature and severity of the Plaintiff's impairments or to re-evaluate the Plaintiff's subjective complaints. As the court reviews the order of the Appeals Council, Defendant is correct that the order did not require the ALJ to obtain a medical expert but simply to consider whether an expert was necessary.

A review of the record demonstrates the basis for remand by the Appeals Council was, in fact, the failure of the ALJ to provide sufficient analysis to support the conclusion of the Plaintiff's disability. In short, the prior decision lacked specificity in support of its findings.

Further review of the record demonstrates the ALJ here properly developed the record with testimony from the Plaintiff, the Vocational Expert, and other records and things that were made part of the record. "While '[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped,' 'the ALJ is required to order medical examinations and tests only if the medical

records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.'" *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (quoting *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010)); *see Also Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005).

**II. Did the ALJ Properly Assess Plaintiff's Impairments at Step Two of the Sequential Evaluation Process?**

Here, Plaintiff asserts the ALJ erred by failing to assess her anxiety and depression as "severe" impairments. The record clearly and unambiguously disagrees with such assertion. In the decision rendered by the ALJ the second step of the sequential evaluation delivered by the ALJ explores the condition of the Plaintiff. The ALJ in fact concludes the Plaintiff suffered from several "severe" mental impairments, including depression, bipolar disorder, attention deficit hyperactivity disorder, anxiety, and obsessive compulsive disorder.

The ALJ appropriately and properly considered all of the evidence relating to the conditions of the Plaintiff, including her anxiety and depression. Consideration was given to how Plaintiff's mental impairments would affect her ability to perform activities of daily living, social functioning, ability to maintain concentration, persistence or pace, and whether she had experienced repeated episodes of decompensation of extended duration. Upon thoroughly considering

Plaintiff's medical treatment record as well as her own account of her abilities, the ALJ determined she had "mild" restrictions in activities of daily living, "moderate" difficulties in social functioning, and "moderate" difficulties in concentration, persistence and pace, with no episodes of decompensation of extended duration. Findings here were more restrictive than those observed by the State agency medical consultant, Kyle DeVore, Ph.D. "Significant weight" was assigned to his opinion evidence.

Plaintiff underwent a psychological consultative examination on March 8, 2011, which was noted by the ALJ, and her mental status examination was unremarkable except for psychomotor agitation. The ALJ reviewed the treatment notes which showed unremarkable status examinations in which she was well appearing, pleasant, cooperative, alert, and oriented, with fluent and coherent speech, her treatment notes did not appear to reflect the presence of agitation or tremors, nor did they show that Plaintiff's mental impairments have required emergency room intervention or psychiatric hospitalization.

A review of the record in its entirety is keenly indicative that the ALJ appropriately determined that Plaintiff's severe mental impairments would

result in mental RFC restrictions of no more than simple routine tasks and occasional interaction with others.

### III. Did the ALJ Properly Weigh the Consistency of Plaintiff's Subjective Complaints with the Record as a Whole?

The role of the court upon review is to ascertain whether the credibility findings of the ALJ are supported by substantial evidence on the record as a whole. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). Credibility questions concerning a claimant's subjective testimony are "primarily for the ALJ to decide, not the courts." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010). The record here demonstrates the ALJ put considerable time and diligence in articulating the inconsistencies of Plaintiff's subjective complaints with the reasonable and substantial evidence in the record to the contrary. Courts defer to the credibility determinations if they are supported by good reasons and substantial evidence. *See Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014).

At the hearing Plaintiff testified she had difficulty lifting, squatting, bending, standing, reaching, kneeling, climbing stairs, and using her hands. She testified that she could sit for only about 30 minutes and stand for 20 minutes and could lift no more than 10 pounds with her right arm. She also

claimed she had difficulty grasping and holding items. Objective evidence made part of the record and reviewed by the ALJ did not support the subjective complaints. An ALJ may determine that "subjective pain complaints are not credible in light of objective medical evidence to the contrary". *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

The record reflects the ALJ considered (1) inconsistencies between Plaintiff's complaints and her treatment records; (2) Plaintiff's search for employment during her alleged period of disability; (3) Plaintiff's actual period of employment as a cleaner, cashier, sales person and as a customer service agent during her period of disability . All of these considerations and circumstances that worked contrary to Plaintiff's argument for benefits were appropriate considerations for the ALJ in rendering the unfavorable decision. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) ("Subjective complaints may be discounted if the evidence as a whole is inconsistent with the claimant's testimony."). *See House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("[w]orking generally demonstrates an ability to perform a substantial gainful activity").

*Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) ("[i]t was also not unreasonable for the ALJ to note that Harris's . . . part-time work [was] inconsistent with her claim of disabling pain").

It is clear that "[a] failure to follow [a] recommended course of treatment [] weighs against a claimant's credibility." *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (*citing Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir.2001)). Here the ALJ legitimately concluded Plaintiff did not appear to be compliant with her doctor's orders regarding her treatment for sleep apnea and insomnia, and in taking her medication for ADHD and for pain.

All of the aforestated conclusions and findings were based upon substantial evidence on the record.

**IV. Was the ALJ's Determination of Plaintiff's RFC Based Upon Substantial Evidence?**

Plaintiff argues that the ALJ erred in failing to assess an RFC of less than sedentary work. The specific determination of the ALJ was that Plaintiff retained the RFC to perform light work with the ability to lift 20 pounds occasionally and 10 pounds frequently; sit for 6 hours of an 8-hour workday; stand or walk for 4 hours of an 8-hour workday in increments of 30 minutes

at a time; occasionally climb ramps and stairs, crouch, and crawl; frequently reach, handle, and finger; cannot climb ropes, ladders, or scaffolds; must avoid hazards; and can perform simple routine tasks and have occasional interaction with others.

The ALJ reviewed and noted the objective medical evidence relating to Plaintiff's medical claim in relation to her degree of pain. The records did not portray a need for any extreme limitations. Although Plaintiff posits the assertion that the opinion is not supported by substantial evidence, the court concludes from a review of the record, the decision of the ALJ in consideration of the record and the explanations of conclusions referencing evidence in the record, that the RFC is supported by substantial evidence.

**V. Did the ALJ Appropriately Find Plaintiff was Not Disabled Because She Retained the Residual Functional Capacity to Perform Work Existing in Significant Numbers in the National Economy?**

The vocational expert responded to a properly posed hypothetical that the individual could work as a folding machine operator, garment sorter, or mail clerk. Since the question was properly formulated, the expert's testimony that Plaintiff could perform work that exists in substantial numbers constitutes substantial evidence supporting the Commissioner's decision. *See Heino v. Astrue*, 578 F.3d 873, 882 (8th Cir. 2009).

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE